PER CURIAM.
By this interlocutory appeal appellants challenge the denial of their application for a temporary injunction.
Appellants’ prayer for a temporary injunction is directed to a will and charitable trust established by Georgia Seagle Holland, deceased. The trial court in denying the temporary injunction entered a decree which held, inter alia:
“ * * * plaintiffs have failed to demonstrate such an interest as would entitle them to injunctive interference with the Trustees’ decision to close Georgia Seagle Hall for the present.
“a. It appears from the evidence that the Trustees of the Georgia Seagle trust have determined that for financial and other reasons it would not be in the best interest of the trust to keep Georgia Seagle Hall open for the immediate future and that a study is now under way as to whether or not it may be in the best interest of the trust, consistent with the purposes thereof, to ultimately discontinue operation of Georgia Seagle Hall, or perhaps modify the method of its operation.
“The Court is not persuaded that such action on the part of the Trustees is so *669 beyond their discretionary powers as to presently warrant injunctive interference by the Court.”
In argument before this court, counsel for appellees alleged that the sole point which could be considered by this court is: Are these plaintiffs entitled to a temporary injunction? Although appellants have posed several points on appeal, we agree with appellees’ attorney. Although other language appears in the decree of the trial judge, the gist of his holding is that plaintiffs have failed to demonstrate such an interest as would entitle them to injunc-tive interference for the present and that the action on the part of the trustees does not presently warrant injunctive interference by the court. In denying relief to appellants at this stage of the proceedings, we emphasize that this court has made no adjudication as to the interest of plaintiffs to maintain the subject action. By way of dictum, we are constrained to the view that plaintiffs do possess such an interest as to maintain this suit. Further, no adjudication as to any construction of the trust document or merits of the complaint has been made.
Interlocutory appeal dismissed.
WIGGINTON, Acting C. J., and RAWLS and SPECTOR, JJ., concur.